Goll v. Stefanski.      91 N. J. Eq.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—14.

*For reversal*—None.

BEATRICE I. GOLL, trustee, et al., complainants-respondents,

v.

MARY K. STEFANSKI et al., defendants-appellants.

[Submitted July 7th, 1919.   Decided November 17th, 1919.]

1. Where a priest, to defraud his parishioner and his own creditor, purchased certain property with funds furnished by the parishioner and his own sister, and had the title taken in the name of the sister, unless such sister was a party to his fraud, she was entitled to the protection of her legal title to the extent of her loan to her brother to purchase the property.

2. *Held*, however, that the evidence in this case established that the priest's sister was a party to his fraud in placing the title in her name to defraud his creditors.

On appeal from the court of chancery.

*Mr. Harry T. Davimos*, for the appellant.

*Mr. John O. Frey*, for the respondent.

The opinion of the court was delivered by

WHITE, J.

The complainant, Goll, is trustee in bankruptcy for Francis Stefanski, a Polish Catholic priest, who was spiritual and business adviser of a young woman, Dominika Michalewska, from

whom he borrowed, or as the vice-chancellor expressed it, "took," $2,000 with which he purchased two houses and the lot upon which they were erected, with the express agreement that the title should be taken in the name of the young woman, Dominika, as security for her $2,000; instead of which, however, he had the title made to his sister, Mary K. Stefanski. Complainants' claim is that the title was taken in Mary for the purpose of defrauding the creditors of Francis and particularly of defrauding the young woman, Dominika. Mary claims, however, that she is the owner of the property in fee, that she advanced the sum of $700 to her brother towards the purchase of the property at the time it was purchased and that he, at that time, owed her various other sums which she had previously loaned to him, making up the full consideration of $2,000 paid for the property. The vice-chancellor found that with the exception of the $700 alleged loan from Mary, the other pretended advances by her were never made. After an examination of the evidence we agree with this finding, and in fact, if it had been before us, might have extended the same finding to the $700 loan.

The learned vice-chancellor was also convinced that the defendant, Francis Stefanski, had the premises in question conveyed to his sister Mary in fraud of his creditors, and particularly for the purpose of defrauding the young woman, Dominika. With this finding we agree, but standing alone it is not enough to entitle Dominika's loan of $2,000 to priority over the $700 loan of Mary Stefanski, who holds the legal title. Unless Mary was a party to the fraud she is entitled to the protection of her legal title to the extent of her loan. *Demarest* v. *Terhune, 18 N. J. Eq. 532.*

The question, therefore, is was Mary a party to the fraud. The vice-chancellor did not expressly pass upon this point, but an examination of the evidence convinces us that she was. Assuming that the $700 loan was actually made, the other alleged advances from Mary were fictitious and merely gotten up for the purpose of attempting to bolster up her claim for a fee-simple title to the property. Her claim to a fee under the circumstances is, therefore, a fraud, and taken in conjunction with

the evident purpose of her brother at the time of the convey-ance, it is sufficient we think, viewed in the light of all the other circumstances in the case, to establish the fact that Mary was a party to her brother's fraud at the time the conveyance was made.  This view, of course, besides resulting in Mary's loss of the fee in favor of the trustee in bankruptcy of Francis, would, if the question were before us, result also in her loss of the lien given her by the decree of the court of chancery for her $700 loan, subject to the prior lien in favor of Dominika for her $2,000 loan, but this $700 loan lien item of the decree was not appealed from and is, therefore, not before us.

Upon a careful examination of all the evidence in the case, therefore, we think that the decree should in substance be affirmed.  Through inadvertence, however, as it would seem, the vice-chancellor appears to have assumed that the conveyance in question to Mary was made by Francis himself and that, therefore, the proper remedy was to set the conveyance aside. Such, however, was not the case.  The conveyance was from a former owner direct to Mary at the instance of Francis.  The conveyance should not, therefore, be set aside for that would vest the legal title in the former owner who was no party to the fraud and is not a party to these proceedings.  The decree should declare a trust in favor of the trustee in bankruptcy subject to the liens as indicated in the decree of the court of chancery ap-pealed from and should order a conveyance accordingly.

The case is remanded to the court of chancery in order that the decree may be technically modified as above indicated, and subject to such modification, the decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEP-PENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—14.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEP-PENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—14.